IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LOUIS E. MILES, JR. | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-950-MHT (WO) |
| MONTGOMERY CITY POLICE DEPT., *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Louis Miles ["Miles"], an inmate incarcerated at the Perry County Detention Correctional Center, challenges actions taken by law enforcement officers during his arrest, in initiating criminal charges against him and processing the cases arising from such charges, and for failing to provide him with adequate medical care for injuries sustained during his arrest. Named as defendants are the Montgomery City Police Department, Officer Dickey, Mayor Bobby Bright, Chief Art Baylor, and Detective McCord. Miles files suit against Defendants in their official capacities and against Defendants Dickey and McCord in their individual capacities as well. Miles requests damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of some of the Defendants and some of Miles' claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires

## I. DISCUSSION

*A. The False Charges/Perjury Claim*

Miles complains that Defendant McCord subjected him to a false arrest by placing false information in the arrest warrant. To the extent Miles' claim may be construed as asserting a claim that Defendant McCord committed perjury in filing false criminal charges against him, such claim provides no basis for relief.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Thus, Miles' perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The False Imprisonment Claim*

To the extent Miles claims that he is falsely imprisoned on criminal charges pending before the state courts in Montgomery County, Alabama, because he is innocent of the

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

charges lodged against him, such claim may not proceed in this § 1983 action. It appears from a review of the instant complaint that the criminal charges about which Miles complains are presently pending before the state courts of Montgomery County, Alabama. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Miles has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Miles may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Miles has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Miles' challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing,

dismissal of Miles' false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

*C. Defendants Bright and Baylor*

Miles names Mayor Bright and Chief of Police Baylor as defendants. No specific allegations, however, are made against these individuals. Consequently, there is no basis on which the complaint may proceed against them.  Further, the complaint may not proceed against Defendants Bright and Baylor based on their supervisory positions. The doctrine of *respondeat superior* is not applicable to actions filed under 42 U.S. C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990).  Accordingly, Defendants Bright and Baylor are due to be dismissed as parties to the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

*D. The Montgomery City Police Department*

Miles names the Montgomery City Police Department as a defendant. The Montgomery City Police Department is not a legal entity subject to suit or liability under section 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Miles' claims for relief lodged against this Defendant are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

*E. The Conspiracy Claim*

Miles  makes the specious allegation that Defendant McCord conspired with the Montgomery City Police Department to subject him to a false arrest based on false charges. Vague and conclusory allegations of conspiracy will not support a § 1983 claim.  *Fullman*

*v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his self serving allegations, Miles presents nothing to this court which indicates that Defendant McCord entered into a conspiracy to bring false charges against him or subject him to a false arrest. The court, therefore, concludes that Miles' bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Fullman*, 739 F.2d at 556-557.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's perjury and conspiracy claims be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's false imprisonment claim be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's claims against Defendants Bright, Baylor, and the Montgomery City Police Department be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and these Defendants be DISMISSED as parties to the complaint; and

4. This case be referred back to the undersigned for further proceedings on Plaintiff's claims against Defendants Dickey and McCord for unlawful arrest, excessive force incident to the arrest, and inadequate medical care following his arrest.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **November 13, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of October 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE