```
 1                UNITED STATES DISTRICT COURT

 2                            FOR

 3              THE MIDDLE DISTRICT OF ALABAMA

 4                     NORTHERN DIVISION

 5

 6

 7

 8   LOUIS MILES
                                         DOCKET NUMBER:
 9       vs.                             2:07-CV-950-MHT

10   WILLIAM B. DICKEY

11

12

13
                          FINDINGS OF FACT
14                              AND
                          CONCLUSIONS OF LAW
15

16

17

18                * * * * * * * * * * *

19

20

21   HEARD BEFORE:   The Hon. Myron H. Thompson

22   HEARD ON:      February 8, 2011

23   HEARD AT:      Montgomery, Alabama.

24   APPEARANCES:   Charles Stewart, Esq.
                    Summer Davis, Esq.
25                  Wallace Mills, Esq.
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1    WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE THE HON.
      MYRON H. THOMPSON ON FEBRUARY 8, 2011 AT THE UNITED STATES
 2    COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4                           FINDINGS OF FACT

 5                                 AND

 6                         CONCLUSIONS OF LAW:

 7           THE COURT:  Counsel the Court has considered the

 8    evidence and now makes its, or reaches its, findings of fact and

 9    makes its conclusions of law.

10           Plaintiff Louis Miles has sued defendant W. B. Dickey,

11    an officer, claiming that Dickey used excessive force when he

12    employed a canine assistant to subdue Miles during an arrest.

13    Miles sustained numerous bite wounds during the attack and seeks

14    to recover compensatory and punitive damages as well as

15    reasonable attorneys' fees for violation of his Fourth Amendment

16    right against excessive force.

17           Between one and two a.m on the morning of September

18    ten, two thousand seven, a business security alarm alerted

19    Montgomery police.  Officer Dickey and his canine assistant

20    responded to the alarm at Mainline Supply Company.  Dickey saw

21    that the gate leading to the rear of the property was partially

22    opened, and the padlock cut.  He called for backup and proceeded

23    on to the property to investigate.

24           He saw Miles's silhouette inside the building, and then

25    observed him exit the business carrying two boxes of metal
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1    fittings toward a Jeep.  As Miles approached the Jeep, Dickey
 2    identified himself.  Dickey initially told Miles three times to
 3    stop and lie down or he would release the dog.
 4         Miles dropped the boxes and then attempted to go inside
 5    the building.  Dickey then released the canine to prevent Miles
 6    from escaping into the business.  The canine assistant, known as
 7    "Zak," chased Miles and bit and held his arm.  Miles then
 8    resisted, probably out of fear that he was being attacked by the
 9    dog, but nonetheless resisted and the dog continued to bite in
10    an attempt to get a hold on Miles.
11         The dog bit both Miles's left arm as well as his right
12    arm.  The struggle continued as long as Miles continued to
13    resist.  I don't believe that it lasted three to four minutes.
14    It probably seemed like that, but it didn't last that long.
15    When Miles finally dropped to the ground and no longer resisted,
16    Dickey told the dog to disengage and the dog complied.
17         Medics later arrived on the scene and gave an initial
18    treatment for the dog bites.  Miles was then taken to the
19    hospital where he received stitches and antiseptic for his
20    wounds.
21         The law in this area is fairly well established.  To
22    prevail, Miles must prove each of the following facts by a
23    preponderance of the evidence:  First, that Dickey intentionally
24    committed acts that violated Miles' constitutional right not to
25    be subjected to excessive force; and, second, that Dickey's acts
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1   were the proximate or legal cause of damages sustained by Miles.
 2              With regard to the first element, the determination of
 3   whether excessive force was used during an arrest requires
 4   careful attention to the facts and circumstances of each
 5   particular case, while keeping in mind that police officers are
 6   often forced to make split second judgments in circumstances
 7   that are tense, uncertain and rapidly evolving with the amount
 8   of force that is necessary in a particular situation.
 9              In evaluating claims of excessive force, courts usually
10   consider several factors.  And they are the severity of the
11   crime at issue, the risk of harm to the officer or others, and
12   whether the suspect is resisting arrest or fleeing.
13              The law is also clearly established that government
14   officers may not use gratuitous force against a prisoner, or in
15   this case someone who has been arrested who has already been
16   subdued.  In other words, the use of force maliciously and
17   sadistically to cause harm is clearly established by law.
18              The first issue confronting the Court is whether there
19   was a reasonable basis for Dickey to use his dog to attack
20   Miles.  The Court believes there was.
21              This was a nighttime incident.  It appeared that at
22   least, and I think reasonably, to Dickey that Miles planned to
23   reenter the building.  He decided that the less intrusive force
24   to use would be a dog, and he had warned Miles not to resist.
25   He was also by himself, which is probably the most important
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1   factor.
 2              I think under these circumstances to have used a dog
 3   when confronting someone in the dark -- or essentially at night
 4   I should say, there was light -- was reasonable.  Also, it was
 5   clear that Miles had his car there and there was also the
 6   possibility of using the car as well; that is, Miles' use of the
 7   car.
 8              The more troubling factor is the amount of injury
 9   caused by the dog to Miles.  I don't believe that Dickey used
10   the dog either initially or throughout the entire incident
11   either maliciously or sadistically to cause harm.  At the same
12   time, I don't buy Dickey's argument or testimony that Mr. Miles
13   was actually attacking the dog.  I am convinced, however, that
14   the dog attacked Miles because Miles was resisting the dog,
15   perhaps even out of fear.  Indeed, I think he was afraid of what
16   was happening, and I think he continued to resist.  And as a
17   result, I think the dog continued to attack.
18              I think it's just an unfortunate scenario that happened
19   that night.  However, I think the dog did act reasonably in
20   light of the overall circumstances because Miles did not -- was
21   not subdued or he did not cease resisting.  As a result, I think
22   that the dog's actions were reasonable as well.
23              Do I need to make any other findings of fact?
24              MR. STEWART:  No, Your Honor.
25              MR. MILLS:  I don't believe so, Judge.
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1              THE COURT:  As I said before, I do think it's an
 2    unfortunate scenario, Mr. Miles, but I really don't think Mr.
 3    Dickey acted maliciously or sadistically.  And I think you
 4    probably don't remember it that clearly, but I think you did
 5    probably resist and I think the dog was unwilling to give up
 6    until you had given in.
 7              I'd like to thank Counsel for the plaintiff very much.
 8    Both of you did an excellent job of presenting this case to the
 9    Court.  I'd like to commend you both.
10              MR. DAVIS:  Thank you, Judge.
11              THE COURT:  Anything else, Counsel?
12              MR. MILLS:  No, Your Honor.
13              THE COURT:  The Court will enter judgment for the
14    defendant.
15              Court's in recess.
16              (Whereupon, the proceedings were concluded.)
17
18
19
20
21                         * * * * * * * *
22
23
24
25
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com

```
 1
 2                COURT REPORTER'S CERTIFICATE
 3
 4      I certify that the foregoing is a correct transcript
 5  from the record of proceedings in the above-entitled
 6  matter as prepared by me to the best of my ability.
 7
 8      I further certify that I am not related to any of the
 9  parties hereto, nor their counsel, and I have no interest
10  in the outcome of said cause.
11
12      Dated this 10th day of February 2011.
13
14
                          /S/   Mitchell P. Reisner
15                        Official   Court   Reporter
                          Registered  Merit  Reporter
16                        Certified Realtime Reporter
17
18
19
20
21
22
23
24
25
```

MITCHELL P. REISNER, RMR, CRR
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 235-8218 / TopStenoman@yahoo.com